Judge Hise
delivered the opinion of tho Court.
The authority of the Governor, to remit fines and forfeitures is so restricted by our present Constitution, that he cannot in its exercise in future obstruct or defeat the operations of such laws as have or may be passed giving to prosecuting attorneys a part of such fines and forfeitures as compensation for their services, and as incentives to a prompt, vigilant, and faithful discharge of their public ^duties — hence the question *370 presented in this case is now of but little importance whichever way it may be decided. J. T. Boyle, as Commonwealth’s attorney for the 12th judicial district, prosecuted George Millea on an indictment for keeping a tippling house, and obtained a judgment against him for the sum of 60 dollars, the penalty imposed by law for the commission of the offence charged. After the judgment was replevied, the Governor remitted one half of the fine, to-wit; 30 dollars. And the only question presented, is, whether the prosecuting attorney is entitled to the whole, orto only one half o* the residue of the fine which was not remitted.
Attornies for the commonwealth , were by law, entitled to one half the fine adjudged against those convicted of keeping tippling houses. The Governor under the late constitution had power to remit the whole fine, but if he remit less than half, or more than half, the part not remitted to the extent of not more than half should be paid to the attorney for the commonwealth.
The prosecuting attorney is by law entitled to one half of the fine recovered against a person convicted of the offence of keeping a tippling house. But it is insisted that as such law can. have no effect to limit or restrict, in any degree, the constitutional authority of the executive to remit the whole or any part of such fines — that the portion thereof allowed to the commonwealth’s attorneys as compensation for service may be surrendered altogether, or reduced in amount at the discretion of the Governor. Let this be admitted, yet it is the opinion of the Court that if the Governor remits a part of the fine only, and leaves a part to be enforced, less than half or which is precisely one half of the amount of the fine for which judgment had been recovered, then the commonwealth’s attorney is entitled exclusively to the whole of the residue of the fine not remitted, if it does not exceed one half of the amount of the judgment recovered. The Governor may remit the whole fine and thus deprive the attorney of his legal compensation. But if the Governor does not remit the whole but only a part of the fine, the attorney is by law entitled to the whole of the residue, if not more than sufficient to pay to him the proportion of the whole amount of the judgment recovered which the statute gives to him.
Wherefore the judgment of the Circuit Court hav- *371 mg been rendered in conformity with this opinion is affirmed.
Harlan, Attorney General, for plaintiff; Robertson for defendant.