### A. L. PARKS *v.* COMMONWEALTH. .

**Criminal Procedure—Instructions.**

> It is within the power of a trial court in a criminal case to give to the jury additional instructions after the argument is begun. It is necessary in a proper case to exercise this power to avoid injustice to the accused, as well as to the commonwealth.

### APPEAL FROM LOGAN CIRCUIT COURT.

#### May 1, 1879.

OPINION BY JUDGE COFER:

But three grounds for a new trial were assigned. This court has no power to inquire into either the first or third. *Terrell v. Commonwealth,* 13 Bush 246; *Kennedy v. Commonwealth,* 14 Bush 340; *Frazier v. Commonwealth,* 12 B. Mon. 369.

The second ground is as follows: "That the court erred to the prejudice of the defendant in giving additional instructions to the jury on motion of plaintiff after the argument had begun, and one of the defendant's counsel had concluded his argument to the jury." Sec. 225 of the code provides that "The court shall on the motion of either party, and before any argument to the jury, instruct the jury on the law applicable to the case, which shall always be given in writing." It will be observed that the objection is not to the form or substance of the instruction, but to the fact that it was given after and not before argument to the jury was commenced.

We cannot think the legislature meant to declare an unbending arbitrary rule, and to forbid the giving of any instruction after argument had commenced. Such a rule would be most inconvenient, and, instead of advancing, would hinder and retard the administration of justice. It is not always possible in the hurry of a trial to see the full scope and bearing of all the facts of a case, and to present with accuracy all the points upon which it may be proper to instruct the jury, and it must often be necessary in order to secure

a correct verdict to give an additional instruction in order to cover some point which escaped the court until the argument is commenced.

Power to correct errors and omissions of the kind indicated must often be necessary to avoid injustice to the prisoner as well as to the Commonwealth. We therefore conclude that all that was intended was that the court shall, before the argument commences, give instructions as far as it then occurs or is suggested to the court that instructions are necessary in order to present the case fully and fairly to the jury, and that when this has been done the court may, in the further progress of the case, give such additional instructions as may seem to be demanded to insure a correct finding by the jury.

We are therefore of the opinion that the court did not err to the prejudice of appellant in giving an additional instruction, the correctness of which is not called in question after the argument had commenced.

Judgment *affirmed.*

*Galladay & Frazier, for appellant. Moss, for appellee.*