*G. A. C. Holt, William Lindsay, for appellants.*

*E. Crossland, for appellees.*

---

## WILLIAM BANKS *v.* COMMONWEALTH.

**Criminal Law—Instruction.**

It is not proper in any case for the court to instruct the jury that the law implies malice from any fact or facts proven.

**Malice an Ingredient in Crime.**

Where malice is an essential ingredient in a crime the jury should be left to find that it exists or does not exist, the same as it is left to them to find the killing in a homicide case.

**No Reversal Where Instruction Is Not Prejudicial to Defendant.**

Before an erroneous instruction can be made the sole ground of reversal it must appear that it is at least probable that the accused may have been prejudiced by it.

**Proof Affecting Credibility Only.**

Proof that a witness made statements when not on oath inconsistent with his sworn testimony is not substantive evidence as to the circumstances of the killing in a homicide case, but goes only to show his credibility as a witness.

APPEAL FROM MENIFEE CIRCUIT COURT.

May 13, 1879.

OPINION BY JUDGE HINES:

The second instruction given in this case is neither accurate in language nor correct as a matter of law. While not necessarily in conflict with the conclusions reached in the case of *Farris v. Commonwealth,* 14 Bush 362, it is inconsistent with the reasoning there employed, which we recognize to be correct. The same instruction in instance was approved without comment in *Kriel v. Commonwealth,* 5 Bush 362; and in *Nichols v. Commonwealth,* 11 Bush 575,

it was also proved, apparently upon the idea that it could not, by reason of an instruction in regard to manslaughter, have misled the jury to the prejudice of appellant. The grounds upon which the opinion in the Farris case was based do not appear to have been suggested or considered by the court in the Nichols case. The instruction condemned in the Farris case was clearly misleading and prejudicial.

While there are cases in which such an instruction will be allowed to stand because the error committed in granting it is cured or counteracted by other instructions, it is not proper in any case to tell the jury that the law implies malice from any fact or facts proven. Malice, being an essential ingredient in the crime, should be left to be found by the jury, as they are left to find the fact of killing. It is a matter exclusively within the province of the jury. But it is not every erroneous instruction that will authorize this court to reverse. It ought to appear, before such an instruction is made the sole ground for reversal, that it is at least probable that the prisoner may have been prejudiced by it.

We affirmed the case of *Frazier v. Commonwealth,* 12 B. Mon. 369, in which the instruction denounced in the Farris case was given because it did not appear probable that the accused had been prejudiced by the erroneous instruction. There are two instances in which this court should not reverse for an erroneous instruction such as the one complained of here: 1. When there is no evidence from which the jury could conclude that the offense committed was manslaughter, or that the killing was done in self-defense; 2. When the instructions as to manslaughter and self-defense are given in such a manner as to render it manifest that the erroneous instruction in regard to malice could not have misled the jury to the prejudice of the accused.

In the case under consideration the absence of substantive evidence that the killing was done in self-defense, or that it was done in sudden heat of passion, taken in connection with the fact that the whole law of self-defense and of manslaughter was prominently and clearly presented to the jury, renders this otherwise objectionable instruction unobnoxious. The testimony of Hazelrigg, the only witness to the killing, which from his statements appears to have been deliberate, premeditated and unprovoked, is supported by and consistent with all the other facts and circumstances proven in the case. Proof that the witness made other statements, when not on

oath, inconsistent with his sworn testimony, is not substantive evidence as to the circumstances of the killing, but goes only to his credibility.

The instruction as to the affidavit of Hazelrigg appears to be substantially correct, and not prejudicial to the substantial rights of the appellant.

We perceive no substantial error in giving or refusing instructions. Wherefore the judgment is *affirmed*.

*W. H. Holt, for appellant.   Stone & Moss, for appellee.*