ROBERT JANNINGS *v.* COMMONWEALTH.

**Criminal Law—Malice.**

An instruction by the court in a murder trial that malice is implied by the law from certain proven facts is erroneous; the jury should be left to determine whether there was malice from all the facts and circumstances proven.

**No Reversal for Error Not to the Prejudice of the Accused.**

This court will not reverse a criminal case for an erroneous instruction which, when taken in connection with other instructions, did not prejudice the substantial rights of the defendant.

APPEAL FROM FAYETTE CIRCUIT COURT.

June 3, 1879.

OPINION BY JUDGE HINES:

Appellant was indicted for the murder of O'Connor, convicted of manslaughter, and sentenced to the penitentiary for fifteen years. The only witness to the killing was the wife of the deceased. From her statement it appears that there had been no previous difficulty or ill-feeling between the appellant and the deceased, that the deceased was unarmed, and made no effort or demonstration to assault appellant.

Among the grounds for reversal urged by counsel for appellant is the action of the court below in excluding the testimony of James L. Neal. The witness stated that he knew appellant well, lived in the same neighborhood. He was then asked if he knew the general character of the accused in that neighborhood, for peace and good order, or for the reverse, to which he replied that he knew him well and had never heard anything against him. The court then asked the witness if he knew the general reputation or character of the accused in the neighborhood in which he lived, and the estimate in which he was held by his neighbors, to which the witness replied that he could not answer otherwise than he had answered.

Other uncontradicted evidence had been received to the effect that the accused was a man of quiet and inoffensive disposition.

Conceding that he possesses the best character or reputation, in reference to whom the least has been said, or whose character has been the least discussed, and that the answer of the witness was competent, it does not follow that its exclusion is a reversible error. It ought to appear to the court, before a reversal is granted, that there is at least a probability that the accused was prejudiced by the exclusion of the evidence. A mere possibility that such may have been the case is not sufficient.

The instruction in regard to malice is incorrect. We have repeatedly said that the court should never tell the jury that the law implies malice from any fact or facts proven. Its existence or non-existence is purely a question for the jury. But it should apear, before such an instruction is made the sole ground for reversal, that it is at least probable that the prisoner may have been prejudiced thereby. We affirmed the case of *Frazier v. Commonwealth,* 12 B. Mon. 369, in which the instruction denounced in the case of *Farris v. Commonwealth,* 14 Bush 362, was given, because it did not appear probable that the accused had been prejudiced by the erroneous instruction

There are two instances in which this court should not reverse for an erroneous instruction such as the one complained of here: First, where there is no evidence from which the jury could conclude that the offense committed was manslaughter, or that the killing was done in self-defense; second, when the instructions as to manslaughter and self-defense are given in such a manner as to render it manifest that the erroneous instruction in regard to the malice could not have misled the jury to the prejudice of the accused. In the case under consideration the absence of substantive evidence that the killing was done in self-defense, or that it was done in sudden heat of passion, taken in connection with the fact that the whole law of self-defense and manslaughter was prominently and clearly presented to the jury, renders this otherwise objectionable instruction innoxious.

The facts of this case did not require that the law of involuntary manslaughter should be submitted to the jury.

Wherefore the judgment is *affirmed.*

*W. C. P. Breckinridge, Alford & Smith, for appellant.*

*Moss, for appellee.*